UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JENNIFER DAO | § | |
| | § | |
| *Plaintiff* | § | |
| | § | |
| v. | § | C.A. NO.: 4:19-CV-3962 |
| | § | |
| AIG PROPERTY CASUALTY | § | |
| COMPANY | § | |
| | § | |
| *Defendant* | § | |

## NOTICE OF REMOVAL
## BY DEFENDANT AIG PROPERTY CASUALTY COMPANY

Defendant AIG Property Casualty Company ("AIGPCC") files this Notice of
Removal pursuant to 28 U.S.C. § 1446(a), as follows:

## COMMENCEMENT AND SERVICE

1.      This is a property insurance coverage dispute. On September 3, 2019,
Plaintiff Jennifer Dao ("Plaintiff") filed an action styled Cause No. 2019-62817; *Jennifer
Dao v. AIG Property Casualty Company*; in the 333rd Judicial District Court of Harris
County, Texas (the "State Court Lawsuit").

2.      On September 25, 2019, AIGPCC was served with citation and process in
the State Court Lawsuit. This Notice of Removal is filed within 30 days of that date,
pursuant to 28 U.S.C. § 1446(b). *Bd. of Regents of Univ. of Tex. Sys. v. Nippon Tel. &
Corp.*, 478 F.3d 274, 278 (5th Cir. 2007).

## GROUNDS FOR REMOVAL

3.      This action is removable because there is complete diversity of citizenship between the parties and because damages alleged are in excess of $75,000.00. Accordingly, this matter is within the jurisdiction conferred by 28 U.S.C. § 1332.

4.      Copies of all pleadings, process, and orders in the State Court Lawsuit are attached to this Notice as required by 28 U.S.C. § 1446(a).

5.      Venue is proper in this district under 28 U.S.C. § 1441(a) because the State Court Lawsuit was filed in Harris County District Court, and that court is located in a county assigned to the United States District Court for the Southern District of Texas, Houston Division.  28 U.S.C. §124(b)(5).

6.      AIGPCC will promptly file a copy of this Notice of Removal with the clerk of the Harris County District Court, where the State Court Lawsuit is pending.

## DIVERSITY OF CITIZENSHIP

7.      Plaintiff is an individual who resides in Houston, Harris County, Texas.[1] Accordingly, Plaintiff is a citizen of Texas for the purposes of federal diversity jurisdiction.

8.      Defendant AIGPCC is a corporation incorporated under the laws of Pennsylvania, with its principal place of business in New York. Accordingly, AIGPCC is a citizen of Pennsylvania and New York for the purposes of federal diversity jurisdiction. 28 U.S.C. §1332(c)(1); *see Hertz Corp. v. Friend*, 559 U.S. 77, 92-93 (2010).

---

[1] Tab 4, Plaintiff's Original Petition at ¶ 3.

<u>AMOUNT IN CONTROVERSY</u>

9.      Generally, the amount in controversy in a given action is determined from the complaint itself, unless it appears that the amount stated in the complaint is not claimed in good faith. *See Horton v. Liberty Mut. Ins. Co.,* 367 U.S. 348, 353 (1961). When the complaint does not include the amount of damages sought, a defendant may prove the amount exceeds $75,000.00 by showing that it is facially apparent from the petition that the claims are in excess thereof. *Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995). In this case, Plaintiff specifically alleges that it "seeks monetary relief in excess of $200,000…."[2] Accordingly, it is facially apparent from Plaintiff's Original Petition that the amount in controversy exceeds $75,000.00. As such, federal diversity jurisdiction exists, and Lexington is entitled to remove this case pursuant to 28 U.S.C. §§ 1332 and 1441.

<u>JURY DEMAND</u>

10.      Plaintiff demanded a jury in the State Court Lawsuit.

<u>CONCLUSION</u>

11.      This action should be removed to this Court pursuant to 28 U.S.C. § 1441 inasmuch as there is complete diversity of citizenship between the parties, and the judgment value of damages sought by Plaintiff is in excess of the jurisdictional limit.

12.      Pursuant to Local Rule 81 of the Southern District of Texas, AIGPCC is filing with this Notice of Removal the following:

---

[2] Tab 3, Plaintiff's Original Petition at ¶ 4.

(i)     All executed process in the case;

(ii)    Pleadings asserting causes of action and all answers to such pleadings.

(iii)   All orders signed by the state judge;

(iv)    The docket sheet;

(v)     An index of matters being filed; and

(vi)    A list of all counsel of record, including addresses, telephone numbers, and parties represented.

WHEREFORE, AIG Property Casualty Company respectfully requests that this Court remove this action from the 333rd Judicial District Court of Harris County, Texas to the United States District Court for the Southern District of Texas, Houston Division.

Respectfully submitted,

By: /s/ *Raymond Gregory*

Raymond L. Gregory II
State Bar No. 08438275
S.D. Texas Bar No. 12879
rlg2@egglestonbriscoe.com

**EGGLESTON & BRISCOE, LLP**
333 Clay Street, Suite 4800
Houston, Texas 77002
(713) 659-5100 - Telephone
(713) 951-9920 – Facsimile

ATTORNEY-IN-CHARGE FOR
DEFENDANT AIG PROPERTY
CASUALTY COMPANY

## <u>CERTIFICATE OF SERVICE</u>

I certify that on October 11, 2019, a true and correct copy of the foregoing was forwarded to all counsel of record, including those listed below, via the CM/ECF System and/or any proper method of service allowed by the Federal Rules of Civil Procedure, the Local Rules for this Court, or any method of service agreed to in writing by the parties:

C. Bryan Beverly
The Voss Law Firm, P.C.
26619 Interstate 45 South
The Woodlands, Texas 77380
(713) 861-0021 – Facsimile
bryan@vosslawfirm.com

/s/ *Raymond Gregory*
Raymond L. Gregory II